# EXHIBIT  D

⏚ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

**MAY 19, 2026 01:44 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA**

**DENNA CONAWAY,**

      **Plaintiff**

v.                            **Civil Action No.**

**JOHN STUBSS and
TARTER LOGISTICS, LLC,**

                                       **Jury Trial Demand**

      **Defendants.**

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

COMES NOW Plaintiff DENNA CONAWAY, and states her complaint against Defendants JOHN STUBBS and TARTER LOGISTICS, LLC, as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff, DENNA CONAWAY (hereinafter "CONAWAY") consents to the jurisdiction of this court.

2.

Defendant JOHN STUBBS (hereinafter "STUBBS") is the driver of the 2026 Kenworth Tractor Trailer involved in the subject collision and is a resident of the State of Kentucky, whose last known address is 761 Leatherwood Church Road, Columbia, Kentucky 42728. Defendant may be served at that address.

3.

Defendant TARTER LOGISTICS, LLC, (hereinafter "TARTER") is a for-profit, domestic limited liability company with its principal place of business located at 10739 South U.S. 127,

1

Dunnville, Kentucky, 42528. Defendant TARTER is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent: C T Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky, 40601.

4.

Defendants JOHN STUBBS and TARTER LOGISTICS, LLC, are joint tortfeasors and as such, venue as to all Defendants is proper in Bartow County, Georgia pursuant to O.C.G.A. §9-10-91.

**FACTUAL ALLEGATIONS**

5.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 4 above as if they were fully restated verbatim.

6.

On or about April 23, 2026, Plaintiff CONAWAY was the driver of a 2014 Chrysler 300 traveling South on I-75S in Bartow County, Georgia in the second lane from the left.

7.

On or about the same time and place, Defendant STUBBS was operating a 2026 Kenworth Tractor Trailer in the course and scope of his employment for Defendant TARTER, heading South on I-75S, in Bartow County, Georgia in the far left lane. Defendant STUBBS, while operating the Tractor Trailer and attempting to merge into the second lane from left, negligently, recklessly, carelessly and unlawfully collided with the rear left side of Plaintiff CONAWAY's vehicle, causing Plaintiff CONAWAY's vehicle to spin to the left in front of Defendant STUBBS vehicle, causing another collision between Defendant STUBBS vehicle and the left side of Plaintiff

2

CONAWAY's vehicle, causing Plaintiff CONAWAY's vehicle extreme damage.

## COUNT I – NEGLIGENCE OF DEFENDANT JOHN STUBBS

8.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 7 above as if they were fully restated verbatim.

9.

As a result of the accident, Plaintiff CONAWAY suffered multiple injuries.

10.

At all relevant times, Defendant STUBBS owed certain civil duties to Plaintiff CONAWAY. Notwithstanding those duties, Defendant STUBBS did violate them in the following particulars:

a.   In failing to make reasonable and proper observations while operating a 2026 Kenworth Tractor Trailer; or, if reasonable and proper observations were made, failing to act thereon;

b.   In failing to observe or undertake the necessary precautions to keep a 2026 Kenworth Tractor Trailer from colliding with the Plaintiffs vehicle, in violation of O.C.G.A. § 40-6-390;

c.   In driving a 2026 Kenworth Tractor Trailer in the left lane of a three lane highway, in violation of O.C.G.A. § 40-6-52;

d.   In changing lanes upon a roadway while driving a 2026 Kenworth Tractor Trailer without ensuring such movement could be made with reasonable safety, in violation of O.C.G.A. § 40-6-123(a);

3

e.      In driving a 2026 Kenworth Tractor Trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.      In driving a 2026 Kenworth Tractor Trailer in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.      In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

11.

Defendant STUBBS's violations of the aforementioned duties of care constitute negligence *per se*.

12.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant STUBBS, Plaintiff CONAWAY has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life.

## COUNT II – NEGLIGENCE OF DEFENDANT TARTER LOGISTICS, LLC, FOR VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

13.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 above as if they were fully restated verbatim.

14.

At all relevant times, Defendant STUBBS was an employee and agent of Defendant

4

TARTER, and Defendant STUBBS was operating a 2026 Kenworth Tractor Trailer within the course and scope of his employment with Defendant TARTER.

15.

Defendant TARTER is liable for the acts and omissions of Defendant STUBBS as Defendant STUBBS, agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant TARTER, Plaintiff CONAWAY has suffered significant injuries, medical expenses, and damages. These damages include but at not limited to emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life.

## COUNT III - NEGLIGENT ENTRUSTMENT, NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANT, TARTER LOGISTICS, LLC

17.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 16 above as if they were fully restated verbatim.

18.

Defendant TARTER, negligently hired, retained, and supervised Defendant STUBBS.

19.

5

Defendant TARTER negligently entrusted the 2026 Kenworth Tractor Trailer to Defendant STUBBS when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

20.

The negligent acts and omissions of Defendant TARTER causing injury to the Plaintiff include, but are not limited to, the following:

a.    negligent entrustment of said vehicle to a person who has a propensity to operate said vehicle in a dangerous and unsafe manner and failure to train that person; and/or

b.    failure to exercise ordinary care under the circumstances described in this complaint; and/or

c.    negligent acts of its employee whose conduct injured another while acting within the scope of his employment; and/or

d.    negligent training of its employee, Defendant STUBBS; and/or

e.    negligent supervision of its employee, Defendant STUBBS; and/or

f.    such other acts or omissions of negligence as the evidence may reveal at the trial and as reflected above.

21.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant TARTER, Plaintiff CONAWAY has suffered significant injuries, medical expenses, and damages. These damages include but at not limited to emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the

violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life.

## COUNT IV – DAMAGES

22.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 21 above as if the same were restated herein verbatim.

23.

As a result of Defendant STUBBS' negligence, Plaintiff suffered severe and permanent injuries and has a claim for past and future pain and suffering.

24.

As a result of Defendant STUBBS' negligence, Plaintiff has already incurred past medical expenses and will continue to incur future medical expenses.

25.

As a result of Defendant STUBBS' negligence, Plaintiff has already incurred past lost wages and will continue to incur future wage loss and loss of earning capacity.

26.

Defendant STUBBS' negligence is the sole and proximate cause of Plaintiff's injuries in addition to their resulting damages.

## REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CONAWAY respectfully prays and demands as follows:

a.      That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.      That service be had upon Defendants as provided by law;

c.      That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.      That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e.      That this matter be tried to a jury, and;

f.      For such other and further relief as this Court deems just and appropriate.

This 19th day of May, 2026.

Respectfully submitted,

/s/ *Kendall B. Shortway*
**Kendall B. Shortway**
Georgia Bar No. 312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
11605 Haynes Bridge Rd., Suite 490
Alpharetta, GA 30009
T: (770) 273-6221
Email:  kshortway@forthepeople.com

8

⊟ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

**MAY 19, 2026 01:44 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA**

**DENNA CONAWAY,**

      **Plaintiff**

**v.**                               **Civil Action No.**

**JOHN STUBBS and
TARTER LOGISTICS, LLC,**

                                  **Jury Trial Demand**

      **Defendants.**

### PLAINTIFFS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARTER LOGISTICS, LLC

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff

withina reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, 11605 Haynes Bridge Road, Suite 490, Alpharetta, GA 30009, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.    DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but notlimited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a) an <u>individual</u>, shall mean to state the full name, present or last known residence, address (designating which), residence telephone number, present or last known employmentaddress (designating which), employment telephone number, and employment title or capacity.

(b) a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c) <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

## II.   __INTERROGATORIES__

1.

Please identify the persons or entities who in any way owned and/or leased the subject truck or trailer referred to in the Complaint at the time of the incident involving the Plaintiff. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendants.

3.

Please state whether JOHN STUBBS was acting within the course and scope of his employment with Defendant TARTER LOGISTICS, LLC. at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party thereto, and state your claims and reasons for same.

5.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

6.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

7.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance or have investigated any aspect of the occurrence which is the subject of this litigation, andindicate whether or not each has made a written record of the investigation or any part thereof. regarding the incident giving rise to this lawsuit.

8.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

9.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement,

the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

10.

Please identify with specificity any accident or incident involving personal injuries in which Defendant JOHN STUBBS has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

11.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

12.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

13.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant JOHN STUBBS went to work and the times he quit work on that date, and on each of the previous seven (7) days.

14.

Please state the point of origin, the destination, the reason for the trip, and at whose request Defendant JOHN STUBBS was driving the subject truck or tractor-trailer at the time of the incident described in Plaintiff's Complaint.

15.

If Defendant JOHN STUBBS has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

16.

Please state the make, year, weight and model of the subject truck or tractor and trailer involved in the incident, and please identify the last date preceding the incident on which the tires were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the trailer preceding the crash.

17.

Has Defendant JOHN STUBBS ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?

18.

Does the vehicle involved in the subject incident have any telematics or monitoring devices? If so, please identify:

    a. The type of system installed on the vehicle:
    b. The types of information which are monitored: speed, hard braking, etc.:
    c. Please identify all documents/reports that are generated therefrom:
    d. What kinds of cameras are on the vehicle including dash cam (both internal and external); and
    e. Whether the vehicle has blind spot monitoring.

19.

If you contend that the Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

20.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

21.

Please identify all policies and procedures in effect to supervise and regulate your drivers to determine their ability to safely operate and maintain tractor-trailer vehicles, such as the vehicle driven by Defendant JOHN STUBBS forming the basis of Plaintiff's Complaint.

22.

Did you make a determination as to whether this incident was preventable by or chargeable to JOHN STUBBS? If so, please state your determination and the reasons therefore.

23.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

24.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

25.

Please identify the name and address of each person whom Defendant expects to call as an expert witness at trial.   For each expert:

(a) state the subject matter on which the expert is expected to testify;

(b) state, the substance of the facts to which each expert is expected to testify;

(c) state the substance of the opinions to which each expert is expected to testify;

(d) state in detail the grounds for each opinion.

26.

For each individual identified in response to Interrogatory No. 25, please identify any instance in which the expert's qualifications, opinions or testimony were rejected, stricken, limited or prohibited by any state or federal court.

27.

For each individual identified in response to Interrogatory No. 25, please identify any instance in which the expert's qualifications, opinions or testimony (deposition or trial) was challenged by an opposing party (e.g., Daubert challenge) in any state or federal court.

28.

Please identify the name and address of each person whom Defendant consulted with regarding expert testimony even if they were not retained or do not expect to be called to testify at trial.  For each expert:

(a) state the subject matter on which the expert was consulted;

(b) state, the substance of the facts to which each expert was consulted;

(c) state the substance of the opinions to which each expert was consulted;

29.

State the date and time of each and every inspection of the subject truck or tractor and trailer prior to this incident. For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

30.

Are you a motor common carrier for hire?

31.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

32.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

33.

Please state whether Defendant JOHN STUBBS received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

## III.    REQUEST FOR PRODUCTION

 Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to

have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant TARTER LOGISTICS, LLC. (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of JOHN STUBBS.

8.

Please produce JOHN STUBBS's driver's qualification file.

9.

Please provide all maintenance and repair records on the truck and/or tractor and trailer involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the tractor and trailer involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your truck, trailer or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce Commission, Department of Transportation or any other State, Federal or municipal entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your truck and/or tractor and trailer and any inspection records for the truck and/or tractor and trailer involved in the subject incident.

13.

Any and all documents in any way pertaining to JOHN STUBBS reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving JOHN STUBBS, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to JOHN STUBBS or the truck and/or tractor and trailer at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of trucks and any policies and procedures that in anyway apply to, cover, or govern JOHN STUBBS employment.

17.

Copies of all work orders, daily loads and/or work reports for April 23, 2026, as it relates to the driver, truck, trailer, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving a TARTER LOGISTICS, LLC, vehicle prior to April 23, 2026.

19.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

For each expert identified in response to Interrogatory No. 25, please produce a copy of the expert's report, affidavits, letter, memorandum, summation of opinions and/or other document prepared by the individual regarding any issue in this litigation.

23.

For each expert identified in response to Interrogatory No. 25, please produce a current list of depositions or trial testimony provided in civil litigation matters during the last five (5) years.

24.

For each expert identified in response to Interrogatory No. 25, please produce a case list in which said expert has been retained, designated, formed opinion, or served as an expert witness in the past five (5) years, including information identifying whether such retention was for the Plaintiff or Defense, the style of the case, the attorneys in the case, and the jurisdiction of the case.

25.

For each expert identified in response to Interrogatory No. 25, please produce copies of all of said expert's curricula vitae, resumes or statements of professional background.

26.

For each expert identified in response to Interrogatory No. 25, please produce all

correspondence, e-mail communications, documents, photographs, drawings, treatises, books, articles, records, depositions, statements, reports, notes and/or any other tangible item read, gathered, consulted, reviewed, tested, prepared, or created in any way in association with the witness's work, analysis, inspection, or opinions in this case, whether currently contained or maintained in the witness's file or not.

27.

For each expert identified in response to Interrogatory No. 25, please produce all draft reports, drafts of reports, or portions of reports that preceded the final report, whether preliminary or final, created or authored by the witness or his business entity or anyone acting under his direction in this case, whether delivered to Plaintiff's counsel or not.

28.

For each expert identified in response to Interrogatory No. 25, please produce any notes, highlights, markings, etchings, or other notations of any kind made by the witness on any document, electronic or print version, including, but not limited to, depositions, e-mails, notes, summaries, statements, photographs, manuals or other information, which markings and/or highlights and/or underlines, etchings or marks of any kind were made associated with any review of, or work associated with this case, or in arriving at the opinions or conclusions reached in this matter.

29.

For each expert identified in response to Interrogatory No. 25, please produce copies of all documentary items and/or photographs provided to the witness by Plaintiff's counsel in this case.

30.

For each expert identified in response to Interrogatory No. 25, please produce all tangible items provided to the witness by Plaintiff's counsel in this case, examined by the witness in conjunction with his work in the case, and/or prepared by or on behalf of or at the direction of the witness in association with any examination, inspection, testing or analysis, whether forming the basis of his opinions in the case or not.

31.

For each expert identified in response to Interrogatory No. 25 and report produced for this case, please produce copies of all reliance materials used to support the expert's opinions as expressed in his/her opinions.

32.

Please produce the certificate of title, and/or other proof of ownership, and/or lease agreement for the truck and/or tractor trailer involved in the wreck that is the subject matter of this civil action.

33.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

34.

Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

35.

Copies of any and all log books for JOHN STUBBS for the months of February 2026, March 2026, and April 2026.

36.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

***These Interrogatories and Request for Production is served upon you together with Plaintiff's Complaint.***

This 19th day of May, 2026.

Respectfully submitted,

**/s/ *Kendall B. Shortway***

**Kendall B. Shortway**
Georgia Bar No. 312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
11605 Haynes Bridge Rd., Suite 490
Alpharetta, GA 30009
T: (770) 273-6221
Email:  kshortway@forthepeople.com

≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

**MAY 19, 2026 01:44 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA**

DENNA CONAWAY,

     **Plaintiff**

v.                        **Civil Action No.**

JOHN STUBSS and
TARTER LOGISTICS, LLC,

                             **Jury Trial Demand**

     **Defendants.**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN STUBBS**

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of MORGAN & MORGAN, 11605 Haynes Bridge Road, Alpharetta, Georgia 30009, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.    **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)    an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)    a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)    <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    <u>INTERROGATORIES</u>

### 1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

### 2.

State the name and address of any person, including any party, who to your knowledge information or belief:

(a)     was an eyewitness to the incident underlying this litigation;

(b)     has some knowledge of any fact or circumstance upon which your defense is based; or

(c)     has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you, to any resident relatives you lived with on the date of the incident or on the vehicle you were driving or owned at the time of the accident (including but not limited to auto, motorcycle, vehicular and umbrella policies) which is or arguably should be extending insurance coverage to you?  If so, please state for each policy the name of the liability insurer, the limits of coverage, the name of the insured on the policy and the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance?  If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

- 4 -

(b)     each and every document or tangible piece of evidence that will evidence those facts.

Were you on the business of any individual or entity at the time of the subject incident?  If so, please identify any such individual or entity, including name, address and telephone number.

7.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112)

8.

Please state each and every prior collision or prior claim for bodily injury which you have either been involved in or have made.

9.

If you contend that Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation, state each and every fact supporting your contention and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

10.

Please state where you were coming from, where you were driving to, and the purpose of your trip at the time of the collision.

11.

What do you contend caused the incident underlying this litigation?

12.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a)    each eyewitness that will testify to those facts;

(b)    each and every document or tangible piece of evidence that will evidence those facts; and

(c)    who you contend is liable.

13.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

14.

Do you contend that the named Defendant has been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendant? If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendant has been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

15.

Do you contend that venue is improper in this court as to the named Defendant, jurisdiction is lacking over the named Defendant in this Court, or that service of process has been deficient on any of the named Defendant in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

- 6 -

16.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a)    the owner of the vehicle;

(b)    the frequency with which you drove the vehicle;

(c)    who paid for the gas and maintenance on the vehicle; and

(d)    if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

17.

Do you have a driver's license? If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

18.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

19.

Have you ever received any traffic citations and/or moving violations while driving a commercial vehicle? If so, please state the date, place, and reason for the citation.

20.

What is your citizenship and identify any documents supporting your contention.

21.

For each request to admit that you denied, please identify:

(a)    each eyewitness that will testify to those facts supporting your denial; and

(b)    each and every document or tangible piece of evidence that will evidence facts supporting your denial.

22.

Please identify the name and address of each person whom Defendant expects to call as an expert witness at trial.   For each expert:

(a) state the subject matter on which the expert is expected to testify;

(b) state, the substance of the facts to which each expert is expected to testify;

(c) state the substance of the opinions to which each expert is expected to testify;

(d) state in detail the grounds for each opinion.

23.

For each individual identified in response to Interrogatory No. 25, please identify any instance in which the expert's qualifications, opinions or testimony were rejected, stricken, limited or prohibited by any state or federal court.

24.

For each individual identified in response to Interrogatory No. 25, please identify any instance in which the expert's qualifications, opinions or testimony (deposition or trial) was challenged by an opposing party (e.g., Daubert challenge) in any state or federal court.

25.

Please identify the name and address of each person whom Defendant consulted with regarding expert testimony even if they were not retained or do not expect to be called to testify at trial.  For each expert:

(a) state the subject matter on which the expert was consulted;

(b) state, the substance of the facts to which each expert was consulted;

(c) state the substance of the opinions to which each expert was consulted;

26.

Please state whether you had a cell phone at the time of this incident and, if so please provide the cell phone provider, telephone number and the name under which the phone was listed.

## III.    REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendant or Defendant' insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

For each expert identified in response to Interrogatory No. 22, please produce a copy of the expert's report, affidavits, letter, memorandum, summation of opinions and/or other document prepared by the individual regarding any issue in this litigation.

12.

For each expert identified in response to Interrogatory No. 22, please produce a current list of depositions or trial testimony provided in civil litigation matters during the last five (5) years.

13.

For each expert identified in response to Interrogatory No. 22, please produce a case list in which said expert has been retained, designated, formed opinion, or served as an expert witness in

the past five (5) years, including information identifying whether such retention was for the Plaintiff or Defense, the style of the case, the attorneys in the case, and the jurisdiction of the case.

14.

For each expert identified in response to Interrogatory No. 22, please produce copies of all of said expert's curricula vitae, resumes or statements of professional background.

15.

For each expert identified in response to Interrogatory No. 22, please produce all correspondence, e-mail communications, documents, photographs, drawings, treatises, books, articles, records, depositions, statements, reports, notes and/or any other tangible item read, gathered, consulted, reviewed, tested, prepared, or created in any way in association with the witness's work, analysis, inspection, or opinions in this case, whether currently contained or maintained in the witness's file or not.

16.

For each expert identified in response to Interrogatory No. 22, please produce all draft reports, drafts of reports, or portions of reports that preceded the final report, whether preliminary or final, created or authored by the witness or his business entity or anyone acting under his direction in this case, whether delivered to Plaintiff's counsel or not.

17.

For each expert identified in response to Interrogatory No. 22, please produce any notes, highlights, markings, etchings, or other notations of any kind made by the witness on any document, electronic or print version, including, but not limited to, depositions, e-mails, notes, summaries, statements, photographs, manuals or other information, which markings and/or highlights and/or underlines, etchings or marks of any kind were made associated with any review

- 11 -

of, or work associated with this case, or in arriving at the opinions or conclusions reached in this matter.

18.

For each expert identified in response to Interrogatory No. 22, please produce copies of all documentary items and/or photographs provided to the witness by Plaintiff's counsel in this case.

19.

For each expert identified in response to Interrogatory No. 22, please produce all tangible items provided to the witness by Plaintiff's counsel in this case, examined by the witness in conjunction with his work in the case, and/or prepared by or on behalf of or at the direction of the witness in association with any examination, inspection, testing or analysis, whether forming the basis of his opinions in the case or not.

20.

For each expert identified in response to Interrogatory No. 22 and report produced for this case, please produce copies of all reliance materials used to support the expert's opinions as expressed in his/her opinions.

21.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject collision.

22.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No. 15.

23.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

24.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

25.

Any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

26.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

27.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

***These Interrogatories and Request for Production is served upon you together with Plaintiff's Complaint.***

This 19th day of May, 2026.                    Respectfully submitted,

**MORGAN & MORGAN**                        **/s/ *Kendall B. Shortway*_____**
11605 Haynes Bridge Rd., Suite 490        **Kendall B. Shortway**
Alpharetta, GA 30009                       Georgia Bar No. 312819
T: (770) 273-6221                          *Attorney for Plaintiff*
Email:  kshortway@forthepeople.com

- 13 -

≜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

MAY 19, 2026 01:44 PM

Josh Biddy, Clerk
Bartow County, Georgia

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DENNA CONAWAY,

     **Plaintiff**

v.                             **Civil Action No.**

JOHN STUBBS and
TARTER LOGISTICS, LLC,

                              **Jury Trial Demand**

     **Defendants.**

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT TARTER LOGISTICS, LLC

COMES NOW, Plaintiff DENNA CONAWAY, by and through her counsel of record, and requires Defendant TARTER LOGISTICS, LLC, to answer under oath the following Requests for Admissions within 45 days from the date of service of these Requests, pursuant to O.C.G.A. § 9-11-36(a)(2).

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 486 S.E.2d 810 (1997).

    **NOTE A:**    In reply to these Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied. Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. O.C.G.A. § 9-11-36(a)(2).

    **NOTE B:**    As the answering party, you may not give lack of information or knowledge

as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter.  O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**     If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection.  Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission. O.C.G.A. § 9-11-36(a)(1)(2).

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

2. "**subject incident**" means the collision between JOHN STUBBS, driver for TARTER LOGISTICS, LLC, and DENNA CONAWAY which occurred on April 23, 2026, in Bartow County, Georgia.

## REQUEST FOR ADMISSIONS

1.

Please admit that Defendant TARTER LOGISTICS, LLC, was properly served with the Summons and Complaint in the above-styled action.

2.

Please admit that you raise no defenses as to insufficiency of process or insufficiency of service in this action.

3.

Please admit that venue for the above-styled case is proper in the Superior Court of Bartow

- 2 -

County, Georgia.

4.

Please admit that the Superior Court of Bartow County, Georgia has jurisdiction over Defendant TARTER LOGISTICS, LLC, for the purpose of this lawsuit.

5.

Please admit that Defendant JOHN STUBBS was an employee of TARTER LOGISTICS, LLC at the time of the subject collision with Plaintiff's vehicle.

6.

Please admit that Defendant, JOHN STUBBS, was operating the 2026 Kenworth Tractor Trailer at the time of the collision in the course and scope of his employment with TARTER LOGISTICS, LLC.

7.

Please admit that Defendant JOHN STUBBS was driving the 2026 Kenworth Tractor Trailer within the course and scope of his agency relationship with Defendant TARTER LOGISTICS, LLC, at the time of the collision-in-suit.

8.

Please admit that TARTER LOGISTICS, LLC, is liable under the doctrine of respondeat superior for the negligent acts and omissions of JOHN STUBBS at the time of the subject collision.

9.

Please admit that Plaintiff was injured in the subject collision.

10.

Please admit that JOHN STUBBS caused the collision.

11.

- 3 -

Please admit that the collision was preventable.

12.

Please admit that the Plaintiff's actions did not cause or contribute to the subject collision.

13.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject collision.

14.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

***This Request for Admissions is served upon you together with Plaintiff's Complaint.***

This 19th day of May, 2026.

Respectfully submitted,

**/s/ *Kendall B. Shortway*_____**
**Kendall B. Shortway**
Georgia Bar No. 312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
11605 Haynes Bridge Rd., Suite 490
Alpharetta, GA 30009
T: (770) 273-6221
Email:  kshortway@forthepeople.com

- 4 -

≣ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

MAY 19, 2026 01:44 PM

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

**DENNA CONAWAY,**

     **Plaintiff**

**v.**

                              **Civil Action No.**

**JOHN STUBSS and**
**TARTER LOGISTICS, LLC,**

                              **Jury Trial Demand**

     **Defendants.**

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**
**TO DEFENDANT JOHN STUBBS**

COMES NOW, Plaintiff DENNA CONAWAY, by and through her counsel of record, and requires Defendant JOHN STUBBS to answer under oath the following Requests for Admissions within forty-five (45) days from the date of service of these Requests, pursuant to O.C.G.A. § 9-11-36(a)(2).

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 486 S.E.2d 810 (1997).

**NOTE A:**    In reply to these Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied.  Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.  O.C.G.A. § 9-11-36(a)(2).

**NOTE B:**    As the answering party, you may not give lack of information or knowledge

as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter.  O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**    If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection.  Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission.  O.C.G.A. § 9-11-36(a)(1)(2).

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

2.  "**subject incident**" means the collision between JOHN STUBBS, driver for TARTER LOGISTICS, LLC, and DENNA CONAWAY which occurred on April 23rd, 2026, in Bartow County, Georgia.

**REQUESTS FOR ADMISSION**

1.

Admit that you, JOHN STUBBS, are a proper party to this lawsuit.

2.

Admit that TARTER LOGISTICS, LLC., was properly named in this case.

3.

Admit that you, JOHN STUBBS, were a professional driver on the date and time of the subject incident.

4.

- 2 -

Admit that service was proper on JOHN STUBBS.

5.

Admit that venue is proper in the Superior Court of Bartow County as to you.

6.

Admit that jurisdiction is proper in the Superior Court of Bartow County as to you.

7.

Admit that you were an employee of TARTER LOGISTICS, LLC, on April 23rd, 2026.

8.

Admit that you were acting within the scope of your employment at the time of the subject collision.

9.

Admit that on April 23rd, 2026, you were operating the commercial vehicle owned by Defendant TARTER LOGISTICS, LLC, involved in the subject collision.

10.

Admit that on April 23rd, 2026, you were driving the commercial vehicle as trained by TARTER LOGISTICS, LLC.

11.

Admit that no act of Plaintiff DENNA CONAWAY contributed to the subject collision.

12.

Admit that you failed to maintain a safe distance from Plaintiff's vehicle.

13.

Admit that your failure to maintain a safe distance from Plaintiff's vehicle was the cause of this collision.

- 3 -

14.

Admit that you caused the collision with Plaintiff's vehicle.

15.

Admit that other than those parties named in the Complaint in this case, there are no other persons or entities that caused and/or contributed to the subject incident in any way.

16.

Admit that Plaintiff DENNA CONAWAY was injured in the subject collision.

17.

Admit that DENNA CONAWAY incurred medical expenses for treatment of injuries resulting from the subject collision.

18.

Admit that DENNA CONAWAY'S medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

***This Request for Admissions is served upon you together with Plaintiff's Complaint.***

This 19th day of May, 2026.

Respectfully submitted,

**/s/ *Kendall B. Shortway***
**Kendall B. Shortway**
Georgia Bar No. 312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
11605 Haynes Bridge Rd., Suite 490
Alpharetta, GA 30009
T: (770) 273-6221
Email: kshortway@forthepeople.com

- 4 -

# IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

⧉ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA
**SUCV2026000941**

**MAY 19, 2026 01:44 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

CIVIL ACTION NUMBER  <u>SUCV2026000941</u>

Conaway, Denna

-------------------------------------------------------

**PLAINTIFF**
                                        **VS.**

Tarter Logistics, LLC,
Stubbs, John

-------------------------------------------------------

**DEFENDANTS**

**SUMMONS**

TO: TARTER LOGISTICS, LLC,

    You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **Kendall Shortway**
> **Morgan & Morgan Atlanta**
> **11605 Haynes Bridge Road**
> **Suite 490**
> **Alpharetta, Georgia 30009**
> **kshortway@forthepeople.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

    If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 19th day of May, 2026.**

Clerk of Superior Court

*Josh Biddy*

_____
Josh Biddy, Clerk
Bartow County, Georgia

SC-1                                                                                       Page 1 of 1
Rev'd 10/24

**IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA**

⊞ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

**MAY 19, 2026 01:44 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

CIVIL ACTION NUMBER  SUCV2026000941

Conaway, Denna

_____

**PLAINTIFF**

VS.

Tarter Logistics, LLC,
Stubbs, John

_____

**DEFENDANTS**

**SUMMONS**

TO: STUBBS, JOHN

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **Kendall Shortway**
> **Morgan & Morgan Atlanta**
> **11605 Haynes Bridge Road**
> **Suite 490**
> **Alpharetta, Georgia 30009**
> **kshortway@forthepeople.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 19th day of May, 2026.**

Clerk of Superior Court

_____
*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

SC-1
Rev'd 10/24

Page 1 of 1

## General Civil and Domestic Relations Case Filing Information Form

⚌ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

MAY 19, 2026 01:44 PM

Josh Biddy, Clerk
Bartow County, Georgia

☑ **Superior or** ☐ **State Court of** Bartow_____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 05-19-2026_____ | **Case Number** SUCV2026000941_____ |
| **MM-DD-YYYY** | |

### Plaintiff(s)

Conaway, Denna

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

### Defendant(s)

Tarter Logistics, LLC,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Stubbs, John

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Shortway, Kendall         **Bar Number** 312819_____   **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                        **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

⏚ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA
**SUCV2026000941**

**MAY 27, 2026 08:33 AM**

Superior Court    Josh Biddy, Clerk
Bartow County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Bartow**

Case Number: SUCV2026000941

Plaintiff: **Conaway, Denna**
vs.
Defendant: **Tarter Logistics, LLC,**
**Stubbs, John**

For:
Perma Investigations and Polygraph
PO Box 1742
Roswell, GA 30077

Received by Perma Investigations and Polygraph on the 21st day of May, 2026 at 6:23 pm to be served on **Tarter Logistics, LLC CT Corp, 306 W. Main Street, Suite 512, Frankfort, KY 42728**.

I, Alexander MAY, being duly sworn, depose and say that on the **22nd day of May, 2026** at **1:00 pm, I:**

served **Tarter Logistics, LLC CT Corp** by delivering a true copy of the **SUMMONS; COMPLAINT; DEMAND FOR TRIAL BY JURY; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT TARTER LOGISTICS, LLC, AND EXHIBITS** with the date and hour of service endorsed thereon by me, to: **Amy Warfield CT Corp** as **Manager** for **Tarter Logistics, LLC**, at the address of: **306 W. Main Street, Suite 512, Frankfort, KY 42728**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 275, Hair: Brown, Glasses: N

I am a citizen of the United States and over the age of 18, of sound mind and neither a party to or interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

**Alexander MAY**
Process Server

Subscribed and Sworn to before me on the 22 day of May, 2026 by the affiant who is personally known to me. My Commission Expires on 5-22-28

NOTARY PUBLIC

**Perma Investigations and Polygraph**
PO Box 1742
Roswell, GA 30077
(770) 664-8005

Our Job Serial Number: FAS-2026000786

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

⚏ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

**JUN 05, 2026 11:04 AM**

*Josh Biddy*
Superior Court    Josh Biddy, Clerk
Bartow County, Georgia

## VERIFIED RETURN OF SERVICE

**State of Georgia**                    **County of Bartow**

Case Number: SUCV2026000941

Plaintiff: **Conaway, Denna**
vs.
Defendant: **Tarter Logistics, LLC,**
**Stubbs, John**

For:
Perma Investigations and Polygraph
PO Box 1742
Roswell, GA 30077

Received by Perma Investigations and Polygraph on the 21st day of May, 2026 at 6:23 pm to be served on **John Stubbs, 761 Leatherwood Church Road, Columbia, KY 42728**.

I, Alexander MAY, being duly sworn, depose and say that on the **4th day of June, 2026** at **5:05 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY AND EXHIBITS** with the date and hour of service endorsed thereon by me, to: **Alexia Stubbs** as **Spouse** at the address of: **761 Leatherwood Church Road, Columbia, KY 42728**, the within named person's usual place of **Abode**, who resides therein, who is eighteen (18) years of age or older and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Additional Information pertaining to this Service:**
5/23/2026  11:49 am  Single family rural home. No answer at door, could hear children inside.
5/26/2026  7:40 pm  No answer at door. Lights and TV on. No vehicles present. Attempted closest neighbor across the street. Unable to make contact.
5/29/2026  7:10 am  No answer, no vehicles present. Unable to make contact. Lights still on inside. No garbage or mail present.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: WHITE, Height: 5', Weight: 125, Hair: BROWN, Glasses: N

I am a citizen of the United States and over the age of 18, of sound mind and neither a party to or interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

*Alex May*
**Alexander MAY**
Process Server

Subscribed and Sworn to before me on the 4
day of _June_, _2026_ by the affiant
who is personally known to me. My Commission
Expires on _5-23-28_

*Michael W May*
NOTARY PUBLIC

Perma Investigations and Polygraph
PO Box 1742
Roswell, GA 30077
(770) 664-8005

Our Job Serial Number: FAS-2026000785

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

≋ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA
**SUCV2026000941**

**JUN 05, 2026 04:43 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

DEENA CONAWAY;

        Plaintiff,

v.

JOHN STUBBS and TARTER LOGISTICS,
LLC;

        Defendants.

CIVIL ACTION

FILE NO.: SUCV2026000941

## RULE 5.2 CERTIFICATE OF DISCOVERY

I hereby certify to the Clerk of Court that on this day I have filed the foregoing Rule 5.2

Certificate of Service of Discovery with the Clerk electronically and that I have served a true copy

of the following:

- Defendant Tarter Logistics LLC's First Request for Production of Documents to Plaintiff
- Defendant Tarter Logistics LLC's First Interrogatories to Plaintiff
- Defendant Tarter Logistics LLC's First Request for Admission to Plaintiff

via email, addressed to counsel of record as follows:

Kendall B. Shortway
Morgan & Morgan
11605 Haynes Bridge Rd.
Suite 490
Alpharetta, GA 30009
kshortway@forthepeople.com
*Attorneys for Plaintiff*

This 5th day of June, 2026.

(*Signature page follows*)

**HALL BOOTH SMITH, P.C.**


*/s/ James E. Gilson*
JAMES E. GILSON
Georgia State Bar No. 001150
JONATHAN R. PEAK
Georgia State Bar No. 878078
*Attorneys for Defendant Tarter Logistics LLC*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303-1775
T: 404.954.5000
F: 404.954.5020
jgilson@hallboothsmith.com
jpeak@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY OF 12**

2

≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

JUN 22, 2026 03:23 PM

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

DENNA CONAWAY,

    Plaintiff,

v.

JOHN STUBBS AND
TARTER LOGISTICS, LLC;

    Defendants.

**CIVIL ACTION FILE NO.**

**SUCV2026000941**

**JURY TRIAL DEMAND**

---

**DEFENDANT TARTER LOGISTICS, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

---

COMES NOW, **TARTER LOGISTICS, LLC (**hereinafter "Defendant"), a defendant in the above-styled civil action, and hereby answers Plaintiff's Complaint and demands a trial by jury as to all issues, showing the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

**SECOND DEFENSE**

Defendant denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damages alleged to have been sustained by the Plaintiff.

**THIRD DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence of a party or parties other than Defendant. Therefore, Plaintiff is barred from any recovery against Defendant.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, consent, and/or estoppel.

## FIFTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution. Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## SIXTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom Defendant had no legal relationship by which liability could be attributed to it.

## SEVENTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendant and any alleged injuries to Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

## NINTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## TENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of Defendant.

## ELEVENTH DEFENSE

To the extent any other party or non-party is deemed responsible for Plaintiff's injuries, in whole or in part, Defendant seeks apportionment of damages pursuant to O.C.G.A. § 51-12-33.

## TWELFTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that Defendant reserves the right to assert in the future.

## THIRTEENTH DEFENSE

To the extent shown by evidence through discovery, Defendant raises all those affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), and none of these defenses are waived.

## FOURTEENTH DEFENSE

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

- 3 -

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

5.

Defendant incorporates herein the responses contained in Paragraphs 1 through 4 above as if fully restated.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits the allegations contained in the first sentence of Paragraph 7 of Plaintiff's Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 7 of Plaintiff's Complaint.

## COUNT I – NEGLIGENCE OF DEFENDANT JOHN STUBBS

8.

Defendant incorporates herein the responses contained in Paragraphs 1 through 7 above as if fully restated.

- 4 -

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## COUNT II – NEGLIGENCE OF DEFENDANT TARTER LOGISTICS, LLC, FOR VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

13.

Defendant incorporates herein the responses contained in Paragraphs 1 through 12 above as if fully restated.

14.

Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## COUNT III – NEGLIGENT ENTRUSTMENT, NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANT, TARTER LOGISTICS, LLC

17.

Defendant incorporates herein the responses contained in Paragraphs 1 through 16 above as if fully restated.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT IV – DAMAGES

22.

Defendant incorporates herein the responses contained in Paragraphs 1 through 21 above as if fully restated.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

- 6 -

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## REQUEST FOR TRIAL BY JURY

Defendant admits that Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Responding to the "WHEREFORE" clause, Defendant denies that Plaintiff is entitled to the relief prayed for therein. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint, prays as follows:

a)      that it be discharged without cost or liability;

b)      that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c)      that a Pre-Trial Conference be held;

d)      that all costs and attorneys' fees be assessed against Plaintiffs; and

e)      that it have such other relief as the Court deems just and proper.


*(The remainder of this page has been left blank. Signature page(s) to follow.)*

- 7 -

Respectfully submitted this 22nd day of June, 2026.

**HALL BOOTH SMITH, P.C.**

/s/ *James E. Gilson*

JAMES E. GILSON

191 Peachtree Street                Georgia Bar No.: 001150
Suite 2900                          JONATHAN R. PEAK
Atlanta, Georgia 30303              Georgia Bar No.: 878078
Tel: 404-954-5000                   *Attorneys for Defendant Tarter Logistics, LLC*
Fax: 404-954-5020
Email: jgilson@hallboothsmith.com
Email: jpeak@hallboothsmith.com

- 8 -

**IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| DENNA CONAWAY, | |
| Plaintiff, | CIVIL ACTION FILE NUMBER: |
| v. | |
| JOHN STUBBS AND TARTER LOGISTICS, LLC; | SUCV2026000941 |
| Defendants. | **JURY TRIAL DEMAND** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **TARTER LOGISTICS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by filing said document with PeachCourt eFileGA which will automatically send an electronic notification to the following:

Kendall Shortway, Esq.
Morgan & Morgan - Atlanta
11605 Haynes Bridge Road
Suite 490
Alpharetta, Georgia 30009
kshortway@forthepeople.com
*Attorney for Plaintiff*

This 22nd day of June, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150
JONATHAN R. PEAK
Georgia Bar No.: 878078
*Attorneys for Defendant Tarter Logistics, LLC*

191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303
Tel: 404-954-5000
Fax: 404-954-5020
E-mail: jgilson@hallboothsmith.com
E-mail: jpeak@hallboothsmith.com

- 9 -

119086005.1

≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

**JUL 06, 2026 11:34 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

DENNA CONAWAY,

      Plaintiff,

v.

JOHN STUBBS AND
TARTER LOGISTICS, LLC;

      Defendants.

**CIVIL ACTION FILE NO.**

**SUCV2026000941**

**JURY TRIAL DEMAND**

---

**DEFENDANT JOHN STUBBS'S**
**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

---

**COMES NOW**, **JOHN STUBBS (hereinafter "Defendant")**, a defendant in the above-styled civil action, and hereby answers Plaintiff's Complaint and demands a trial by jury as to all issues, showing the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

**SECOND DEFENSE**

Defendant denies that he was negligent in any manner, or that any negligent act or omission on his part caused or contributed to any injury or damages alleged to have been sustained by the Plaintiff.

**THIRD DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence of a party or parties other than Defendant. Therefore, Plaintiff is barred from any recovery against Defendant.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, consent, and/or, estoppel.

## FIFTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution. Further in this regard, Defendant specifically shows that a *bona fide* dispute exists to the extent that Defendant is not liable to Plaintiff.

## SIXTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom Defendant had no legal relationship by which liability could be attributed to it.

## SEVENTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendant and any alleged injuries to Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

## NINTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable

or customary amounts.

## TENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of Defendant.

## ELEVENTH DEFENSE

To the extent any other party or non-party is deemed responsible for Plaintiff's injuries, in whole or in part, this Defendant seeks apportionment of damages pursuant to O.C.G.A. § 51-12-33.

## TWELFTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that Defendant reserves the right to assert in the future.

## THIRTEENTH DEFENSE

To the extent shown by evidence through discovery, Defendant raises all those affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), and none of these defenses are waived.

## FOURTEENTH DEFENSE

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

- 3 -

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

5.

Defendant incorporates herein the responses contained in Paragraphs 1 through 4 above as if fully restated.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits the allegations contained in the first sentence of Paragraph 7 of Plaintiff's Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 7 of Plaintiff's Complaint.

## COUNT I - NEGLIGENCE OF DEFENDANT JOHN STUBBS

8.

Defendant incorporates herein the responses contained in Paragraphs 1 through 7 above as if fully restated.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

- 4 -

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## COUNT II – NEGLIGENCE OF DEFENDANT TARTER LOGISTICS, LLC, FOR VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

13.

Defendant incorporates herein the responses contained in Paragraphs 1 through 12 above as if fully restated.

14.

Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

- 5 -

## COUNT III - NEGLIGENT ENTRUSTMENT, NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANT, TARTER LOGISTICS, LLC

17.

Defendant incorporates herein the responses contained in Paragraphs 1 through 16 above as if fully restated.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT IV — DAMAGES

22.

Defendant incorporates herein the responses contained in Paragraphs 1 through 21 above as if fully restated.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

- 6 -

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## REQUEST FOR TRIAL BY JURY

Defendant admits that Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Responding to the "WHEREFORE" clause, Defendant denies that Plaintiff is entitled to the relief prayed for therein. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiffs' Complaint, prays as follows:

a)      that he be discharged without cost or liability;

b)      that he have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c)      that a Pre-Trial Conference be held;

d)      that all costs and attorneys' fees be assessed against Plaintiff; and

e)      that he have such other relief as the Court deems just and proper.

*(The remainder of this page has been left blank. Signature page(s) to follow.)*

- 7 -

Respectfully submitted 6th day of July, 2026.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303
Tel: 404-954-5000
Fax: 404-954-5020
E-mail: jgilson@hallboothsmith.com
E-mail: jpeak@hallboothsmith.com

*/s/ James E, Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150
JONATHAN R. PEAK
Georgia Bar No.: 878078
*Attorneys for Defendant John Stubbs*

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DENNA CONAWAY, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NUMBER: |
| JOHN STUBBS AND TARTER LOGISTICS, LLC; | SUCV2026000941 |
| Defendants. | **JURY TRIAL DEMAND** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT JOHN STUBBS'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by filing said document with PeachCourt eFileGA which will automatically send an electronic notification to the following:

Kendall Shortway, Esq.
Morgan & Morgan - Atlanta
11605 Haynes Bridge Road
Suite 490
Alpharetta, Georgia 30009
kshortway@forthepeople.com
*Attorney for Plaintiff*

This 6th day of July, 2026.

**HALL BOOTH SMITH, P.C.**

|  |  |
|---|---|
| | */s/ James E, Gilson* |
| | JAMES E. GILSON |
| 191 Peachtree Street | Georgia Bar No.: 001150 |
| Suite 2900 | JONATHAN PEAK |
| Atlanta, Georgia 30303 | Georgia Bar No.: 878078 |
| Tel: 404-954-5000 | *Attorneys for Defendant John Stubbs* |
| Fax: 404-954-5020 | |
| E-mail: jgilson@hallboothsmith.com | |
| E-mail: jpeak@hallboothsmith.com | |

⧉ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA
**SUCV2026000941**

**JUL 06, 2026 11:39 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

DEENA CONAWAY;

      Plaintiff,

v.

JOHN STUBBS and TARTER LOGISTICS, LLC;

      Defendants.

CIVIL ACTION

FILE NO.: SUCV2026000941

---

**RULE 5.2 CERTIFICATE OF DISCOVERY**

---

I hereby certify to the Clerk of Court that on this day I have filed the foregoing Rule 5.2 Certificate of Service of Discovery with the Clerk electronically and that I have served a true copy of the following:

- Defendant Tarter Logistics LLC's Objections and Responses to Plaintiff's First Request for Production of Documents
- Defendant Tarter Logistics LLC's Objections and Responses to Plaintiff's First Request for Interrogatories
- Defendant Tarter Logistics LLC's Objections and Responses to Plaintiff's First Request for Admission

via email, addressed to counsel of record as follows:

Kendall B. Shortway
Morgan & Morgan
11605 Haynes Bridge Rd.
Suite 490
Alpharetta, GA 30009
kshortway@forthepeople.com
*Attorneys for Plaintiff*

(Signature page follows)

This 6th day of July, 2026.

**HALL BOOTH SMITH, P.C.**


/s/ *James E. Gilson*
JAMES E. GILSON
Georgia State Bar No. 001150
191 Peachtree Street, NE          JONATHAN R. PEAK
Suite 2900                        Georgia State Bar No. 878078
Atlanta, GA 30303-1775            *Attorneys for Defendant Tarter Logistics LLC*
T: 404.954.5000
F: 404.954.5020
jgilson@hallboothsmith.com
jpeak@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY OF 12**

2

⛃ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA
**SUCV2026000941**

**JUL 07, 2026 04:31 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| **DENNA CONAWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO.: SUCV2026000941** |
| | ) | |
| **JOHN STUBBS and TARTER** | ) | |
| **LOGISTICS, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**RULE 5.2 CERTIFICATE OF SERVICE**

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of ***PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS*** was served upon counsel of record in the foregoing matter via email as follows:

James E. Gilson, Esq.
Jonathan R. Peak, Esq.
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303
Tel: 404-954-5000
Fax: 404-954-5020
jgilson@hallboothsmith.com
jpeak@hallboothsmith.com
*Counsel for Defendant*

This 7th day of July, 2026.

**MORGAN & MORGAN, PLLC**

/s/ Kendall B. Shortway
Kendall B. Shortway, Esq.
Georgia Bar No. 312819

*Counsel for Plaintiff*

11605 Haynes Bridge Rd, Ste 490
Alpharetta, GA 30009
P: (770) 273-6221 / F: (470) 321-7948
kshortway@forthepeople.com

⊜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2026000941**

**JUL 20, 2026 10:47 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| DENNA CONAWAY; | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO.: SUCV2026000941 |
| JOHN STUBBS AND TARTER LOGISTICS, LLC; | |
| Defendants. | |

**RULE 5.2 CERTIFICATE OF DISCOVERY**

I hereby certify to the Clerk of Court that on this day I have filed the foregoing Rule 5.2 Certificate of Service of Discovery with the Clerk electronically and that I have served a true copy of the following:

- Defendant John Stubbs's Objections and Responses to Plaintiff's First Request for Admissions,
- Defendant John Stubbs's Objections and Responses to Plaintiff's First Request for Production of Documents, and
- Defendant John Stubbs's Objections and Responses to Plaintiff's First Request for Interrogatories

via email, addressed to counsel of record as follows:

Kendall Shortway, Esq.
Morgan & Morgan - Atlanta
11605 Haynes Bridge Road
Suite 490
Alpharetta, GA 30009
kshortway@forthepeople.com
*Attorneys for Plaintiff*

(*Signature page follows*)

2

This 20th day of July, 2026.

**HALL BOOTH SMITH, P.C.**


*/s/ James E. Gilson*
JAMES E. GILSON
Georgia State Bar No. 001150
191 Peachtree Street, NE          JONATHAN R. PEAK
Suite 2900                        Georgia State Bar No. 878078
Atlanta, GA 30303-1775            *Attorneys for Defendant John Stubbs*
T: 404.954.5000
F: 404.954.5020
Email: jgilson@hallboothsmith.com
Email: jpeak@hallboothsmith.com

2

⊫ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA
**SUCV2026000941**

JUL 30, 2026 09:29 AM

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| **DENNA CONAWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO.: SUCV2026000941** |
| | ) | |
| **JOHN STUBBS and TARTER** | ) | |
| **LOGISTICS, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**RULE 5.2 CERTIFICATE OF SERVICE**

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of ***PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT TARTER LOGISTICS, LLC'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF*** was served upon counsel of record in the foregoing matter via email as follows:

James E. Gilson, Esq.
Jonathan R. Peak, Esq.
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303
Tel: 404-954-5000
Fax: 404-954-5020
jgilson@hallboothsmith.com
jpeak@hallboothsmith.com
*Counsel for Defendant*

This 30th day of July, 2026.

**MORGAN & MORGAN, PLLC**

/s/ Kendall B. Shortway
Kendall B. Shortway, Esq.
Georgia Bar No. 312819
*Counsel for Plaintiff*

11605 Haynes Bridge Rd, Ste 490

Alpharetta, GA 30009
P: (770) 273-6221 / F: (470) 321-7948
kshortway@forthepeople.com